

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00009-CV

### IN THE INTEREST OF C.R., A.R., AND I.R., CHILDREN

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 6985-L1, Honorable Jack M. Graham, Presiding

April 16, 2019

## CONCURRING OPINION

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

I concur in the opinion and judgment of the majority and write to explain why I believe the "fluid" order referenced by the majority should be condemned for reasons unrelated to the effects of an adhesion contract. First, statute imposes upon the trial court a duty to conduct status hearings to review both the child's status and the service plan developed for the child. TEX. FAM. CODE ANN. § 263.201(a) (West 2014). During that hearing the trial court must "review the service plan that the department filed . . . for reasonableness, accuracy, and compliance with requirements of court orders." *Id.* § 263.202(b) (West Supp. 2018). This connotes a legislative intent to have the trial court remain involved with the obligations imposed on a parent by a service plan; a court does

not abide by that intent by simply issuing an order directing a parent to comply with whatever hurdle the Department may opt to impose. Requiring the specific provisions violated by a parent to be expressed within a court order assures that the trial court remains involved and comports with legislative intent. It would seem to border on an impermissible relinquishment of duty to simply tell a parent to abide by whatever terms the Department may impose now or in the future and then terminate parental rights due to noncompliance with those judicially unapproved terms.

Second, a sister court has held that "[t]o terminate parental rights under subsection (O) after the failure to give the parents such express notice of 'any other term or condition that [the Department] determines to be necessary' to the success of the service plan ***and the failure to embody that term or condition in the court order*** is violative of the due process required by our standard of review." *In re G.C.*, No. 02-17-00259-CV, 2018 Tex. App. LEXIS 750, at *50–52 (Tex. App.—Fort Worth Jan. 25, 2018, no pet.) (mem. op.) (emphasis added). I read this as illustrating that the omission of the provisions a parent must follow from a court order strikes at the constitutionally mandated due process that a parent must receive.

In short, a "fluid" order may liken to an adhesion contract in that one party to the arrangement has no choice. Yet, it also transgresses legislative intent and due process. Including within a court order the specific hurdles a parent must clear assures both due process and independent review by a judge of their reasonableness.

Brian Quinn
Chief Justice

2